nance when he was injured. Plaintiff testified that this particular component was not routinely replaced due to wear and tear, and that he had replaced it only four or five times in his 25 years as a mechanic. However, there is no evidence in the record establishing the cause of the component's breaking or the work that was involved in replacing it. Thus, it cannot be determined as a matter of law whether plaintiff was engaged in routine maintenance or a repair covered under Labor Law § 240 (1) when he was injured (*compare Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 49-50, 53 [2004] [loosening "a few screws" and draining tap to remedy defective cable signal caused by rainwater accumulating in junction boxes constituted routine maintenance], *with Parente v 277 Park Ave. LLC*, 63 AD3d 613 [2009] [plaintiff covered by statute where there was no evidence that wear and tear caused malfunction of fan, which did not break down regularly, and that repair required only routine maintenance]).

As plaintiff was not engaged in construction, demolition or excavation when he was injured, he is not eligible for the protection of Labor Law § 241 (6). His Labor Law § 200 and common-law negligence causes of action are not viable because he was injured in the course of remedying a condition that he was charged to ameliorate (*see e.g. Polgano v New York City Educ. Constr. Fund*, 6 AD3d 222 [2004], *lv denied* 3 NY3d 601 [2004]). Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.

■ The People of the State of New York, Respondent, v Rafael Silva, Appellant. [919 NYS2d 457]—

Concur—Tom, J.P., Andrias, Sweeny, Moskowitz and Renwick, JJ.

■ DaimlerChrysler Insurance Company, as Subrogee of Chrysler Financial Co., Respondent, v Aliou Seck et al., Defendants, and Nationwide Assurance Company, Appellant. [919 NYS2d 20]—